UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN BEDNARSH,

   Petitioner,         Case No. 1:10-cv-303

v               HON. JANET T. NEFF

MARY BERGHUIS,

   Respondent.

_____/

## OPINION

   This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Final Order. *See* RULES GOVERNING § 2254 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

   In his objections to the Report and Recommendation, Petitioner makes two arguments: (1) that Petitioner's waiver of his *Miranda* rights and the statements he made to police were not voluntary; and (2) that the trial court violated Petitioner's due process rights by excluding the testimony of Randy Nelson and Dr. Barbara McIntyre. For the reasons stated herein, the objections are denied.

## I.  Voluntariness of Petitioner's Statements to Police

In his objections to the Report and Recommendation, Petitioner first reiterates his argument that the trial court and Michigan Court of Appeals were incorrect in determining that "Petitioner's waiver of his *Miranda* rights and statements to the police were voluntary" (Pet'r Obj., Dkt 29 at 1). In support of this argument, Petitioner asserts that "[t]he Court saw that Petitioner had to have his glasses on, to see the *Miranda* warning form, and ignored it … Evidence that Petitioner is (and was) farsighted is documented by a Michigan Department of Corrections (MDOC) [optometrist]" (*id.* at 1-2).  Petitioner's argument is without merit.

The Magistrate Judge properly stated that "[t]he trial judge rejected Petitioner's version of events" and determined that his decision to waive his *Miranda* rights "was made 'freely and voluntarily'" (Dkt 25 at 13).  Furthermore, the Magistrate Judge correctly noted that the Michigan Court of Appeals "denied Petitioner's appeal on this issue for lack of merit" (*id.*).  Because the claim was "adjudicated on the merits at the state level," the Magistrate Judge properly determined that "it will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding" (*id.* at 9-10) (citing *Ayers v. Hudson*, 623 F. 3d 301, 308 (6th Cir. 2010)).

At the suppression hearing, Detective Clevenger testified that he "informed Petitioner of his *Miranda* rights" and that "Petitioner did not appear to experience any difficulty understanding Clevenger" (Dkt 25 at 11).  Detective Clevenger further testified that he "also provided Petitioner with a written *Miranda* rights form which detailed his rights in question" and that "Petitioner read this form without difficulty after which he signed the form and agreed to speak to Detective Clevenger" (*id.* at 11).  Based on this testimony, it was not "objectively unreasonable" for the state

court to determine that Petitioner "freely and voluntarily" waived his rights.   Accordingly, Petitioner's argument is without merit, and his objection is denied.

## II.  Right to Present a Defense

A.    *Randy Nelson*

Petitioner next argues that the Magistrate Judge erred in determining that the trial court did not violate his due process rights by excluding the testimony of Randy Nelson (Dkt 29 at 2). Petitioner asserts that Nelson "would not only have testified that Petitioner was not outside of 'his home' … but that it was impossible for Petitioner to have been at [the victim's] bus stop" (*id.*).  He alleges that this testimony "was crucial to Petitioner's defense, as it would have shown that [the victim] had the 'propensity to fabricate'" (*id.*) and that the omission of Nelson's testimony "bolstered [the victim's] credibility" (*id.* at 3).  Therefore, Petitioner contends that the exclusion of Nelson's testimony "may have tipped the scales toward a guilty verdict" (*id.*).  Petitioner's argument is without merit.

In the Report and Recommendation, the Magistrate Judge correctly cited Michigan Rule of Evidence 608(b), which states that "'[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than the conviction of a crime as provided in Rule 609, may not be proved by extrinsic evidence'" (Dkt 25 at 16).  As illustrated in Petitioner's objections, the goal of Nelson's testimony was to show that the victim "had the propensity to fabricate" (Pet'r Obj., Dkt 29 at 2).  Therefore, the Magistrate Judge correctly determined that the trial judge did not act unreasonably in ruling that Petitioner could not question Nelson on this extrinsic issue in an attempt to challenge the victim's credibility.  Accordingly, Petitioner's argument is without merit, and his objection is denied.

3

B. *Dr. Barbara McIntyre*

Finally, Petitioner argues that the Magistrate Judge erred in determining that the trial court did not violate his due process rights by excluding the testimony of Dr. Barbara McIntyre. Petitioner alleges that this testimony was "crucial to Petitioner's defense as the issue of 'suggestibility' was brought up twice at trial" (Dkt 29 at 3). He asserts that "Dr. McIntyre would have testified, in part, that the questioning of [the victim] by her mother was highly suggestive" (*id.*). Petitioner's argument is without merit.

As described in the R & R, in response to questioning from the trial judge, Dr. McIntyre stated that she "'would not be testifying really specifically to this case' because she had no knowledge about such" (Dkt 25 at 18). In contrast to Petitioner's assertion that Dr. McIntyre would have testified that "the questioning of [the victim] by her mother was highly suggestive" (Dkt 29 at 3), Dr. McIntyre told the trial judge that she "would not offer an opinion about this case at all" (Dkt 25 at 18). Instead, she stated that she would simply testify that "it is possible, when children are questioned by people who are not trained to do so properly, that they can misinterpret events and often do" (*id.*).

Because the trial judge concluded that Dr. McIntyre had a "very limited understanding of what exactly happened in this factual situation" (Dkt 25 at 19), he determined that her testimony would not have provided assistance in this case and "was much more likely to simply confuse the jury" (Dkt 25 at 20). The trial judge properly applied Michigan Rule of Evidence 702 in excluding the testimony. *See* Mich. Rule Evid. 702 ("If the court determines that … specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion."). Accordingly, Petitioner's argument is without merit, and his objection is denied.

4

### III.  Certificate of Appealability

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order").  The Court must review the issues individually.  *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack,* 529 U.S. at 484.  Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong.  A certificate of appealability will therefore be denied.

A Final Order will be entered consistent with this Opinion.


Date: October 23, 2012                                    /s/ Janet T. Neff                              
                                                          JANET T. NEFF
                                                          United States District Judge

5